**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| ORSCHELN FARM AND HOME, LLC )<br>        **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**AFFILIATED FM INSURANCE** )<br>**COMPANY** )<br>        **Defendant** ) | Case No.: 4:19-cv-03013<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff, Orscheln Farm and Home, LLC ("Orscheln"), by its undersigned counsel, hereby complains against Defendant Affiliated FM Insurance Company ("FM Global") as follows:

### PARTIES AND JURISDICTION

1. This is an action for breach of contract, seeking damages against Defendant, FM Global, arising from Policy No. EQ123 issued by FM Global to Orscheln Management Co. with Orscheln Farm and Home, LLC as a named insured (attached as Exhibit 1).

2. The amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of all attorneys' fees, interest, and costs.

3. Plaintiff, Orscheln, is organized under the laws of the State of Missouri, with its principle place of business in Moberly, Missouri.

4. Defendant, FM Global, is organized under the laws of the State of Rhode Island with its principal place of business in Johnston, Rhode Island.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2).

### BACKGROUND

7. Orscheln is the owner of a property insurance policy (the "Policy") number EQ123 issued by Defendant, FM Global.

8. Orscheln owns the commercial building located at 518 South Lincoln Avenue, York, Nebraska, 68467 (the "Property"). FM Global sold the Policy insuring the Property to Plaintiff.

9. On or about September 12, 2016, a severe hail and windstorm struck York, Nebraska, causing severe damage to homes and businesses throughout the region ("the Storm"), including the Property. The Storm damaged the Property extensively, causing damage to Plaintiff's roof and interior. Specifically, the hail and wind caused damage to the commercial metal roof field and roofing components, causing corresponding water damage to the interior. The damage was so severe that Plaintiff's entire roof is in need of replacement.

10. After the Storm, Plaintiff submitted a claim to FM Global for the damage the Property sustained as a result of the Storm. Plaintiff requested FM Global cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the Policy.

11. Prior to even inspecting the Property for the damage on the date of loss, Defendant was preparing to deny the claim. Instead of waiting for the inspection to appropriately apply coverage for the obvious hail damage to the metal roof, Defendant erroneously claimed there were "numerous prior hail events capable of causing dents to the metal panel roof during the lifetime of the roofing system." This is not the standard by which the Policy should have been applied—a carrier must do more than theorize that other storms *could have* caused damage.

12. After performing the inspection, Defendant noted hail damage to the roof surface, an overhang, and multiple HVAC units.

13. Defendant retained Construction Analytics LLC to aide in the assessment of the roof damage. Though the analysis of Construction Analytics is flawed in multiple respects, one of its conclusions was that the Property sustained damage from a June 2014 storm. The Policy

was in full force and effect at the time, yet Defendant has still not paid anything to Plaintiff. And its own expert concludes the damage occurred during the policy period.

14. There is no estimate prepared by Defendant or its expert that reflects the cost of the repair costs necessitated by the hail damage the Property experienced. Yet, Defendant boldly asserts that it is "not aware of any single occurrence exceeding the $25,000 Policy deductible."

15. Plaintiff's public adjuster estimated the damage and repair to the building in the amount of $548,289.85. The estimate is supported by photographs and meteorological data.

16. Despite its adjusters and consultants finding that hail had damaged portions of the roofing system, and despite ample evidence that the roof damage caused interior damage, Defendant maintained that its Policy did not cover the full replacement cost of the roof.

17. Pursuant to the Policy, FM Global has a contractual obligation to pay the full amount of the Loss, including the cost to repair, restore, and/or replace the damage, less the applicable deductible.

18. FM Global breached the Policy by failing to pay Orscheln all benefits due and owing under the Policy.

19. Throughout the claim adjustment process, Defendant and its representatives have acted in an arbitrary and capricious manner. They have failed to timely acknowledge communication from the insured and its public adjuster, they have unreasonably failed to review and approve the estimates and proofs of loss provided with supporting documentation; and they have taken positions that cannot be factually supported in good faith.

WHEREFORE, Plaintiff, Orscheln Farm and Home, LLC, respectfully requests that the Court enter judgment in favor of Plaintiff in an amount to be determined at trial, which is likely to increase with discovery and further investigation, against Defendant Affiliated FM Insurance

Company, and all general and compensatory damages owed under the Policy, pre-judgment interest and post-judgment interest, fees, costs, and reasonable attorney's fees and such other relief as the Court deems appropriate under the circumstances.

## **DEMAND FOR A JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

By:   /S/ Christopher D. Lindstrom_____
**Christopher D. Lindstrom,**
TX Bar No. 24032671
The Potts Law Firm LLP
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Telephone (713) 963-8881
Facsimile (713) 583-5388
Email: clindstrom@potts-law.com

**ATTORNEYS FOR PLAINTIFF**